

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

Frederick Michael Craig Kohlhagen,

                Plaintiff,

v.                                                                19-cv-113 (JLS)

Andrew Saul,
Commissioner of Social Security,

                Defendant.
───────────────────────────────

## DECISION AND ORDER

Plaintiff Frederick Michael Craig Kohlhagen brought this action under the Social Security Act, seeking review of the determination by the Commissioner of Social Security that he was not disabled. Dkt. 1. Kohlhagen moved for judgment on the pleadings. Dkt. 10. The Commissioner then responded and cross-moved for judgment on the pleadings. Dkt. 11.

For the reasons stated below, the Court grants Kohlhagen's motion and denies the Commissioner's cross motion.

## PROCEDURAL HISTORY

On February 15, 2015, Kohlhagen applied for Disability Insurance Benefits. Dkt. 5, at 15.[1] He claimed he had been disabled since December 31, 2014 due to bipolar disorder, mood swings, memory issues, migraines, anxiety, and panic

---

[1] Dkt. 5 is the transcript of proceeding before the Social Security Administration. All further references are denoted "Tr. _."

attacks. Tr. at 115-16. On May 15, 2015, Kohlhagen received notice that his application was denied because he was not disabled under the Social Security Act. *Id.* at 15. He requested a hearing before an administrative law judge ("ALJ"), which occurred on August 16, 2017. *Id.* The ALJ then issued a decision on September 20, 2017, confirming the finding that Kohlhagen was not disabled. *Id.* at 25. Kohlhagen appealed the ALJ's decision, but his appeal was denied, and the Commissioner's decision became final. *Id.* at 1. He then commenced this action. Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes" of the Social Security Act. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citation omitted). The Court does not "determine *de novo* whether [the

claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citation omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if there is "a reasonable basis for doubt whether the ALJ applied correct legal principles," applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *See Johnson*, 817 F.2d at 986.

## II. Disability Determination

ALJs follow a five-step evaluation process to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(1). At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's severe impairment or

combination of impairments meets or equals an impairment listed in the regulations and meets the duration requirement, the claimant is disabled. *Id.* §§ 404.1520(a)(4)(iii), (d).

But if the ALJ finds that no severe impairment or combination of impairments meets or equals an impairment in the regulations, the ALJ proceeds to calculate the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1520(a)(4)(iv), (e). The RFC is a holistic assessment that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for his collective impairments. *See id.* §§ 404.1520(e), 404.1545.

The ALJ then proceeds to step four and determines, using the claimant's RFC, whether the claimant can perform past relevant work. *Id.* §§ 404.1520(a)(4)(iv), (e). If the claimant can perform past relevant work, he is not disabled, and the analysis ends. *Id.* §§ 404.1520(a)(4)(iv), (f). But if the claimant cannot, the ALJ proceeds to step five. *Id.* §§ 404.1520(a), (f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), (g). Specifically, the Commissioner must prove the claimant "retains a residual functional capacity to perform

alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotations and citation omitted).

In this case, the ALJ analyzed Kohlhagen's claim for benefits under the process outlined above. Tr. at 17-25. At step one, the ALJ concluded Kohlhagen had not engaged in substantial gainful activity since the alleged onset date of December 31, 2014. Tr. at 17. Then, at step two, the ALJ determined Kohlhagen had the following severe impairments: migraines, affective disorder, and anxiety disorder. *Id.* At step three, the ALJ concluded that these impairments—alone or in combination—did not meet or medically equal any of the impairments listed in the regulations. Tr. at 18. Next, the ALJ determined that Kohlhagen retains the RFC to perform light work. Tr. at 19. The ALJ provided the following conclusion:

> The claimant cannot perform work on ladders, ropes, or scaffolds. The claimant cannot work around unprotected heights or moving mechanical parts. He cannot operate motorized equipment as part of a job. The claimant can perform work involving simple, routine tasks. He can tolerate simple, work-related changes in the job environment. The claimant can have frequent interaction with supervisors as part of a job, and occasional interaction with co-workers and the public.

*Id.* At step four, the ALJ found that Kohlhagen cannot perform his past relevant work. Tr. at 23. And at step five, relying on the recommendation and testimony of a vocational expert and considering Kohlhagen's age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy that Kohlhagen can perform—specifically, jobs as a housekeeper, price marker, and small parts assembler. Tr. at 24. Accordingly, the ALJ

concluded that Kohlhagen was not disabled, as defined in the Social Security Act, from the alleged onset date through the date of this decision. Tr. at 25.

## DISCUSSION

Kohlhagen claims two errors with the Commissioner's conclusion that he is not disabled. Dkt. 10-1, at 1. Both errors relate to the ALJ's RFC finding. First, Kohlhagen argues that, despite giving "great weight" and "significant weight" to the opinions of Dr. Janine Ippolito and Dr. T. Harding, respectively, the ALJ failed to consider properly their recommendations when analyzing his ability to handle stress. *Id.* at 12. Therefore, Kohlhagen argues, the mental RFC is not supported by substantial evidence. *Id.* Second, Kohlhagen argues that the ALJ failed to account for a limitation in concentrating, persisting, or maintaining pace in the RFC, despite finding at step three of the analysis that Kohlhagen had a "moderate limitation" in this area. *Id.*

For the reasons discussed below, the Court disagrees that the ALJ failed to consider Kohlhagen's ability to handle stress. However, the Court concludes the ALJ failed to account for Kohlhagen's "moderate limitation" in concentrating, persisting, or maintaining pace in his RFC. Therefore, on this issue, remand is necessary. As a result of this error, too, the ALJ failed to include this moderate limitation in a hypothetical question to the vocational expert at step five of the analysis. Thus, remand is required so the ALJ can remedy this issue, as well.

I. **The ALJ considered all of the medical evidence regarding Kohlhagen's ability to handle stress and properly accounted for it in his RFC; therefore, substantial evidence supports the RFC on this issue.**

The ALJ determined Kohlhagen "has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b)." Tr. at 19. Kohlhagen argues this conclusion is unsupported by substantial evidence—specifically, that it fails to properly consider his stress-related difficulties recognized by Dr. Ippolito and Dr. Harding. *See* Dkt. 10-1, at 12-13. The Court disagrees.

An ALJ does not need to include in the RFC every specific limitation assessed by an examiner, so long as the ALJ's reasoning is consistent with the record as a whole. *See Shirback v. Comm'r of Soc. Sec.*, No. 18-cv-01222, 2020 WL 247304, at *4 (W.D.N.Y. Jan. 16, 2020) (citing *Barry v. Colvin*, 606 F. App'x 621, 624 (2d Cir. 2015)). Here, the record reflects the ALJ's appreciation of the stress-related findings from various medical and consultative examiners.

The ALJ explains his analysis of Kohlhagen's medical evidence from various medical examiners and outlines how he assessed each of their findings. Tr. at 21-22. Most relevant here, the ALJ accorded "substantial weight" to Dr. Michael Santa Maria, "significant weight" to Dr. Harding, and "great weight" to Dr. Ippolito. Tr. at 22.

The medical examiners reached different conclusions regarding the effects of Kohlhagen's diagnosis and his ability to handle stress. Dr. Santa Maria did not make express findings as to any stress-related limitation. *See* Tr. at 871-77. In fact, he found "no evidence of any cognitive contraindication to Mr. Kohlhagen

7

handling part-time or full-time competitive employment in his most recent past lines of work, including IT work." Tr. at 877. Moreover, Dr. Santa Maria suggested returning to work would "potentially significantly beneficially impact [Kohlhagen's] mood and outlook." *Id.*

In contrast to Dr. Santa Maria, Dr. Ippolito determined that Kohlhagen's psychiatric problems "may significantly interfere with [his] ability to function on a daily basis." Tr. at 364. She also found "the claimant would have difficulty with personal interactions and dealing with stress." *Id.* at 22. The ALJ found Dr. Harding's assessment to be "heavily dependent" on Dr. Ippolito's findings, and gave it similar support. *Id.*

The ALJ gave "substantial weight" to Dr. Santa Maria's report, including his findings of "no evidence of any cognitive contraindication" to Kohlhagen's ability to handle "part-time or full-time competitive employment" and that returning to work would "beneficially impact [his] mood and outlook." Tr. at 877. Kohlhagen argues the ALJ should have relied upon Dr. Ippolito's and Dr. Harding's assessments to find a stress-related limitation. *See* Dkt. 10-1, at 12. The Second Circuit, however, has determined "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). Further, "as long as substantial record evidence supports the ALJ's determination of the facts . . . the Court must defer to the ALJ's decision." *See Shirback*, 2020 WL 247304, at \*6 (citing *Vilardi v. Astrue*, 447 F. App'x 271, 272 (2d Cir. Jan. 10, 2012)).

The Court concludes that substantial evidence supports the ALJ's determination. The record indicates that the ALJ accounted for Dr. Ippolito's and Dr. Harding's assessments. The ALJ weighed all of the evidence in conjunction with the medical opinions and considered the fact that Kohlhagen has been able to sustain employment for many years, notwithstanding a history of depression and mental health treatment dating back to at least 1999. Tr. at 21, 22. The ALJ determined that "the limitations for simple, routine tasks and work-related job changes . . . deal with [Kohlhagen's] poor stress control and social withdrawal." *See* Tr. at 22.

Thus, it is clear the ALJ examined the record as a whole and weighed all the necessary evidence. *See* Tr. at 22 (considering Kohlhagen's "poor stress control"); *see also id.* at 19 ("I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). On this record, the Court concludes the ALJ properly considered all of the evidence regarding Kohlhagen's ability to handle stress. The RFC regarding this issue is supported by substantial evidence.

## II. Remand is required because the ALJ failed to account for his finding of a "moderate limitation" in concentrating, persisting, or maintaining pace when determining Kohlhagen's RFC.

Kohlhagen emphasizes that the ALJ, at step three of the analysis, found a "moderate limitation" in concentrating, persisting, or maintaining pace. Tr. at 19. Kohlhagen contends the ALJ, after making such a finding, failed to conduct a more detailed assessment as to how this affects his work-related abilities and account for

the limitation in his RFC. *See* Dkt. 10-1, at 16 (citing Social Security Ruling ("SSR") 96-8p (requiring an assessment of a claimant's "work-related abilities on a function by function basis[.]")). He argues this is an error that requires remand. *See* Dkt. 10-1, at 16. The Commissioner argues the ALJ accounted for this limitation in the RFC by limiting Kohlhagen to simple, unskilled work. *See* Dkt. 11 at 9. The Court agrees with Kohlhagen that a more detailed assessment is required when finding a moderate limitation in concentrating, persisting, or maintaining pace. *See Thompson v. Astrue*, No. 10-cv-6576 CJS, 2012 WL 2175781 at *13 (W.D.N.Y. May 30, 2012); *see also* SSR 96-8p. Thus, on this basis, remand is necessary.

An ALJ's determination of moderate limitations in concentrating, persisting, or maintaining pace requires a detailed assessment of how the claimant's mental limitations affect his ability to function in a work-setting at step three. *See Karabinas v. Colvin*, 16 F. Supp. 3d 206, 215-16 (W.D.N.Y. 2014). Moreover, when making findings about a claimant's RFC, an ALJ may not avoid conducting a "detailed assessment" by "merely indicating that the claimant can perform simple, unskilled work," *see id.* (quoting *Thompson*, 2012 WL 2175781, at *13)—which is what the ALJ did here.

The ALJ identified a "moderate limitation" in concentrating, persisting, or maintaining pace at step three of the analysis. Tr. at 19. But he then "gave no consideration to the mental limitations he identified at step [three] when he was making the RFC determination." *See Karabinas*, 16 F. Supp. 3d at 216 (quoting

10

*Thompson*, 2012 WL 2175781, at *13). Thus, it is not clear whether the necessary detailed assessment occurred, or if the ALJ considered the moderate limitation he previously identified. *See* Tr. at 19. This was error, which requires remand.

This error affected step five of the analysis, as well. The ALJ failed to "incorporate in his hypothetical [to the vocational expert] . . . the limitation[] he found . . . with regard to [Kohlhagen's] ability to concentrate, persist, and maintain pace." *See Karabinas*, 16 F. Supp. 3d at 216. If a hypothetical fails to "include all of the claimant's impairments, limitations, and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." *See id.* at 220 (quoting *Pardee v. Astrue*, 631 F. Supp. 2d 200, 211 (N.D.N.Y. 2009)). The Second Circuit requires "substantial record evidence to support the assumption upon which the vocational expert based his opinion." *See Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir. 1983).

The ALJ's hypothetical question to the vocational expert did not mention Kohlhagen's moderate limitation in concentrating, persisting, or maintaining pace. Tr. at 109-10. Since the ALJ did not mention this limitation, his finding that there are other jobs in the national economy Kohlhagen can perform is not supported by substantial evidence. *See Karabinas*, 16 F. Supp. 3d at 220; Tr. at 24. This was also error, which the ALJ must address on remand.

## CONCLUSION

For these reasons, the Court GRANTS Kohlhagen's motion for judgment on the pleadings in part and DENIES the Commissioner's motion for judgment on the

11

pleadings. The Commissioner's decision is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:    August 13, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE